George S. Bowen, Admr.

*v.*

Anna Shay *et al.*

*Filed at Ottawa November 20, 1882.*

1. Administrator—*duty to take security for goods sold on credit at private sale.* The statute which requires an administrator to take security for property sold on credit, applies as well to private as public sales; and if he fails to take security, and a loss follows from the insolvency of the purchaser, the loss must fall upon the administrator, and not upon the estate.

2. The statute does not confer power on the probate court to direct, in the order for selling personal property of an intestate at private sale, that it may be sold on credit, without security. The power conferred on the court is merely to order or direct a private sale in the place of a public one, for cause shown, leaving the law in all other respects in full force.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

Mr. M. R. M. WALLACE, and Mr. CHARLES L. EASTON, for the appellant:

Prior to the amendment of section 90 of the act relating to the administration of estates, which was approved February 9, 1874, an administrator had no authority to sell personal property otherwise than by a public sale, in which case his authority is derived from the statute, which requires him to take security for sales on credit; but by the amendment of 1874 the court was invested with jurisdiction and authority to direct a private sale, placing such sales wholly under the control of the court, and it nowhere requires the court to direct the taking of security on such a sale.

If, then, the sale was made as prayed for in the petition, and in accordance with the very terms of the petition, as must be presumed, the failure to take security, if the law required the same, was occasioned by the error of the court, and was not the fault of the administrator.

Mr. C. C. KOHLSAAT, and Mr. G. L. BARBER, for the appellees:

When the duties of an administrator are clearly defined by statute, he has no discretion. He is liable if he deviates from the line of procedure laid down for him. *Burnap* v. *Dennis*, 3 Scam. 482; *Orcutt* v. *Orms*, 3 Paige, 459; *Weston* v. *Howard*, 2 S. & M. 527; Williams on Executors, 1819.

The statute regarding private sales is an extraordinary provision in derogation of the common law, and should be

strictly construed.    *Hall* v. *Irwin et al.* 2 Gilm. 184; *Moore* v. *Hamilton,* 2 id. 429.

Where the two clauses of a statute' are parts of the same section, inseparably connected with and necessarily dependent on each other, they should be construed one part by another. *McKay* v. *Plank Road,* 2 Mich. 139; *Submission by Governor,* 22 Pick. 571.

It is always presumed that the legislature intended the most reasonable and beneficial construction of their acts. *Richards* v. *Doggett,* 4 Mass. 34; *Somerset* v. *Dighton,* 12 id. 383.

Applying these rules of construction, it is plain that the clause in question is meant to dispense with the public auction and the notice thereof, and nothing else.    The general provisions of the section are abrogated only so far as necessarily follows the exception or proviso.    Moreover, an authority to sell, given by a principal to an agent, does not carry with it authority to sell on credit.    *Van Allen* v. *Vanderpool,* 6 Johns. 69; *Delafield* v. *Illinois,* 26 Wend. 223; 1 Parsons on Contracts, (5th ed.) 58.

Mr. Justice Craig delivered the opinion of the Court:

George S. Bowen, administrator (with the will annexed) of the estate of Jefferson B. Shay, deceased, presented his account to the probate court of Cook county for final settlement.    Upon a hearing in the probate court all the items embraced in the account were approved and allowed, except one of $7019.58, which the court disallowed.    From this order the administrator appealed to the circuit court, where the judgment of the probate court was affirmed.    An appeal was then prosecuted to the Appellate Court, but the result was the same, and the administrator has appealed to this court.

In order to obtain a correct understanding of the decision of the probate court in disallowing appellant's claim, a brief

reference to the facts seems necessary. During the progress of the administration, and before the sale of the personal property, the administrator became satisfied that certain property, consisting of a stock of goods, good will, etc., would sell much better. at private sale. The administrator applied to the probate court, and obtained the following order:

"*In the matter of the estate of Jefferson B. Shay, deceased:*

"On petition of George S. Bowen, administrator (with the will annexed) of the estate of Jefferson B. Shay, deceased, it appearing to the court that it is necessary that the personal property of said decedent, to-wit: a retail stock of dry and fancy goods, store fixtures, and two truck horses and harness, described in the bill of appraisement on file in this court, be sold to pay the debts of said estate; it is therefore ordered by. the court, that said administrator have leave, and he is hereby authorized, to sell the said personal property, goods, chattels and effects of said decedent at private sale, for the purpose aforesaid."

Under this order the administrator sold at private sale the property therein named to W. A. Shay, son of the deceased, and F. F. French, who were doing business under the name of Shay, French & Co., for the sum of $28,903.78. There was paid in cash $8258.20, and the balance was upon a credit, for which the notes of the purchasers were taken, without security. Afterwards all of the purchase money for the goods which was represented by the notes was paid, except the sum of $7019.58, and this became uncollectible on account of the insolvency of the purchasers, Shay, French & Co. Under these facts the question is whether the administrator should bear this loss, or whether it shall fall upon the estate.

Section 90, chap. 3, Rev. Stat. 1874, page 120, which has an important bearing on the question, declares: "When it is necessary for the proper administration of the estate, the

executor or administrator shall, as soon as convenient after making the inventory and appraisement, sell at public sale all the personal property, goods and chattels of the decedent, when ordered to do so by the county court, (not reserved to the widow or included in specific legacies and bequests, when the sale of such legacies and bequests is not necessary to pay debts,) upon giving three weeks' notice of the time and place of such sale, by at least four advertisements, set up in the most public places in the county where the sale is to be made, or by inserting an advertisement in some newspaper published in the county where the sale is to be made, at least four weeks, successively, previous thereto. The sale may be upon a credit of not less than six nor more than twelve months' time, by taking note with good security of the purchasers at such sale. The sale may be for all cash, or part cash and part on time: *Provided,* that any part or all of such personal property may, where so directed by the court, be sold at private sale."

It will be observed that the portion of the section of the statute which authorizes a public sale of the personal property of a decedent upon a credit, in express terms requires the administrator to take security for the property so sold. If, therefore, an administrator, in defiance of this provision of the statute, should proceed to sell the personal property belonging to the estate upon a credit, and take no security from the purchaser, it is obvious that he would be liable for any loss which might accrue to the estate on account of a neglect on his part to follow the plain provision of the statute.

But it is argued, that notwithstanding public sales are governed by the special provisions of the statute, yet private sales are on a different footing; that they were intended by the statute to be placed under the control and direction of the court; that in respect to such sales the administrator derives all his authority from the order which the court might see fit to make in each particular case. We do not think the statute will bear the construction contended for. The statute

requires an administrator to sell the personal property belonging to the estate at public sale in all cases, unless otherwise ordered by the court,—in other words, the statute confers power on the probate court, for good cause shown, to order a portion or all of the personal property sold at private sale. But the statute does not confer power on the probate court to direct in the order that the property may be sold on credit, without security. The power conferred on the probate court is merely to order or decree a private sale in the place of a public sale,—in all other respects the law regulating a public sale of property by an administrator remains in full force and effect, applicable to all sales, private as well as public. No reason whatever exists why an administrator should be required to take security for property sold at a public sale, and sell at private sale without security. The probate court has no more supervision over a private sale than it has over a public sale, and hence the same responsibility rests on the administrator to get good security in the one case as it does in the other. The words, "*provided,* that any part or all of such personal property may, where so directed by the court, be sold at private sale," were added to the section as an amendment, by the legislature, in 1874, and as the amendment contains no expression which would lead to the conclusion that a private sale upon credit was authorized without security, we think it plain that the legislature intended that these sales, when ordered, should be made with security, precisely as public sales are made. The same reason that requires security in the one case demands it in the other. The order of the probate court prescribed no conditions whatever in regard to the sale, nor did it impose any restrictions. The order merely authorized a private sale, leaving the administrator to be governed by the statute in making the sale. Had the administrator followed the statute, and in making the sale required good security, he could have been chargeable with no loss; but as he has neglected a plain require-

ment of the statute, and the estate has sustained a serious loss through his negligence, it is but right that the loss should fall upon the one who has been to blame.

The judgment will be affirmed.

*Judgment affirmed.*